**DENY and Opinion Filed August 5, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00767-CV**

**IN RE ERIC RIOJA, Relator**

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-17918**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Goldstein

Relator Eric Rioja petitions this Court for a writ of mandamus compelling the trial court to (1) vacate a July 27, 2022 Order Denying Defendant Eric Rioja's Motions to Vacate Appointment of Receiver, (2) vacate an October 21, 2021 Order Appointing Receiver, and (3) find void a June 24, 2021 Default Judgment. Also before this Court is Relator's Emergency Motion to Stay Lower Court Proceedings Pending Writ of Mandamus (Emergency Motion) wherein relator asks this Court to (1) suspend enforcement of the June 24, 2021 Default Judgment, (2) suspend enforcement of the July 27, 2022 Order Denying Defendant Eric Rioja's Motions to Vacate Appointment of Receiver, and (3) suspend all actions and powers granted to Receiver Robert Berleth in the October 21, 2021 Order Appointing Receiver.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that he lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). After reviewing relator's petition and record, we conclude that relator has failed to demonstrate entitlement to mandamus relief.[1]

Accordingly, we deny the petition. *See* TEX. R. APP. P. 52.8(a). We also deny relator's Emergency Motion as moot.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220767F.P05

---

[1] Relator's appendix and record contain a Declaration of Eric Rioja, which included an Exhibit A-1. Because our review of the record indicates that this declaration was not before the trial court when it made the rulings challenged in this original proceeding, we have not considered the declaration or its attachment when deciding relator's petition. *See* TEX. R. APP. P. 52.3(k)(2), 52.7(a); *In re de Kallop*, No. 14-20-00033-CV, 2020 WL 1862017, at *1 n.1 (Tex. App.—Houston [14th Dist.] April 14, 2020, orig. proceeding) (mem. op.).